IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

THE UNITED STATES OF AMERICA,    :
                                          :

    Plaintiff,    :

                                           :

    v.    :    Civil Action No. _____

                                           :

REINALDO L. SANCHEZ,    :

                                           :

    Defendant.    :

## **COMPLAINT**

Defendant Reinaldo L. Sanchez, a former SEPTA employee, sought and received unemployment compensation from the United States Railroad Retirement Board ("RRB") while he was working and collecting wages from Successful Aging Care Net Inc. ("Successful Aging"). Sanchez was ineligible to collect unemployment compensation from the RRB while working for another job, but falsely certified that he earned no such wages.

Consequently, Plaintiff the United States of America seeks treble damages and statutory penalties for violations under 31 U.S.C. §§ 3729-3733 of the False Claims Act and 45 U.S.C. § 359(a) of the Railroad Unemployment Insurance Act. The United States also seeks repayment and other damages under the theories of common law fraud, payment under mistake of fact, and unjust enrichment.

## **PARTIES**

1.    Plaintiff is the United States of America.

2.    Defendant is Reinaldo L. Sanchez ("Sanchez"), a former SEPTA maintenance worker, who resides at 894 Marcella Street, Philadelphia, Pennsylvania, 19124.

## JURISDICTION AND VENUE

3.    This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1345.

4.    Venue is proper under 28 U.S.C. §§ 1391(b) and 1391(c), and under 31 U.S.C. § 3732(a).

## ELIGIBILITY FOR UNEMPLOYMENT COMPENSATION FROM THE RAILROAD RETIREMENT BOARD

5.    The United States Railroad Retirement Board (the "RRB") is a federal agency that administers comprehensive retirement, disability, survivor, unemployment, and sickness benefit programs for the nation's railroad workers and their eligible family members pursuant to the Railroad Retirement Act of 1974, 45 U.S.C. §§ 231-231v, and the Railroad Unemployment Insurance Act, 45 U.S.C. §§ 351-359. The RRB generally takes the place of the Social Security Administration for railroad workers and their families.

6.    The RRB's insurance and benefits programs are funded by employer payroll taxes.

7.    Qualified railroad employees can receive unemployment benefits for each day of unemployment exceeding four during any fourteen-day registration period within a period of continuing unemployment. See 45 U.S.C. § 352.

8.      Unemployment benefits cannot be claimed or paid for any date on which the claimant worked for, or accrued or received compensation from, any employer.

9.      As such, employees who receive wages—whether from railroad or non-railroad employment—are ineligible to collect unemployment benefits on the days for which they collected those wages. *See* 45 U.S.C. § 351 (defining a "day of unemployment" as a day on which the employee "is able to work and is available for work and with respect to which… no remuneration is payable or accrues to him").

10.     Railroad workers apply for unemployment benefits by submitting to the RRB an "Application for Unemployment Benefits and Employment Services," Form UI-1. The application is contained within a booklet, Form UB-10 ("Booklet UB-10").

11.     Booklet UB-10 explains the eligibility requirements for collecting unemployment benefits, noting that applicants must be unemployed and receiving no wages or salaries from any employment for the days on which they claim benefits.

12.     Booklet UB-10 describes the rules and reporting requirements for collecting unemployment benefits, including the following precautions:

> To receive unemployment benefits you must:
>
> - **be unemployed** and received no wages, salaries, and military reservist pay, pay for time lost, vacation pay, holiday pay, guarantee pay, or other remuneration from railroad or nonrailroad employment for days you claim benefits. Under certain conditions, part-time work does not affect entitlement to benefits. However, you must report

> all full-time and part-time work you perform to [RRB] on each claim for benefits you file. The RRB will then determine whether your pay is "subsidiary remuneration" and whether benefits are payable for days on which you worked part-time.

13.    Booklet UB-10 further warns the applicant of what will disqualify the applicant from unemployment benefits:

> **False or Fraudulent Claim** - You will be disqualified for both Unemployment and sickness benefits for 75 days if you make a false or fraudulent statement or claim in order to receive benefits. You may also be subject to fine and imprisonment.

*See also* 45 U.S.C. § 354(a-1).

14.    Under a section titled "Important Reminders," Booklet UB-10 reminds applicants not to claim benefits for days on which they worked or received pay.

15.    The booklet also informs applicants that the RRB conducts checks, including computer matching checks, with State and Federal agencies as well as railroads to detect fraudulent benefit claims.

**SANCHEZ APPLIES FOR UNEMPLOYMEMT COMPENSATION**

16.    Sanchez was employed by SEPTA as a maintenance custodial driver from on or around June of 2012, to on or around April of 2022. Sanchez's railroad service at SEPTA qualified him to collect unemployment insurance benefits.

17.    On December 6, 2018, Sanchez applied for unemployment benefits at his local district office in Philadelphia by completing and submitting the first of three applications for Unemployment Benefits and Employment Service, RRB Form UI-1. He submitted the other two applications on April 21, 2022, and July 5, 2022.

4

18.    By signing each application, RRB Form UI-1, Sanchez certified that he: (1) understood that he must immediately report to the RRB any changes to his employment status which might affect his entitlement to benefits; (2) understood that disqualifications and civil and criminal penalties may be imposed on him for making false or fraudulent statements or claims or for withholding information to get benefits; and (3) understood and agreed to the requirements set forth in Booklet UB-10.

19.    To facilitate and support his three applications for unemployment benefits, Sanchez also completed and signed three RRB Forms UI-35 and UI-35c, respectively titled "Field Office Record of Claimant Interview" and "Certification and Authorization Under the Railroad Unemployment Insurance Act." By signing these forms, Sanchez made the following certifications:

> I have given correct and complete information to the RRB on my application for benefits. I know that I will be held responsible for any benefit overpayment resulting from errors on my claims.
>
> To receive unemployment benefits, I know that I must be UNEMPLOYED, ABLE TO WORK, and READY AND WILLING TO WORK on all days for which I claim benefits.
>
> ***
>
> I know I must REPORT, on each claim I file, the dates on which I perform any kind of railroad or nonrailroad EMPLOYMENT, including part-time and self-employment in any business or occupation.
>
> Each time I register for benefits, I will report on my claim any PAYMENTS I receive, including, but not limited to… [w]ages or vacation pay from any railroad or nonrailroad employment of any kind, including part-time and self-employment[.]

**SANCHEZ PRESENTS CLAIMS FOR UNEMPLOYMENT BENEFITS**

20.    To collect his unemployment benefits, Sanchez submitted to the RRB a Form UI-3 "Claim for Unemployment Benefits" for each 14-day period for which he claimed entitlement to benefits.

21.    Between December 2018 and January 2023, Sanchez submitted 31 UI-3 claim forms to the RRB, either electronically or through his local district office in Philadelphia.

22.    Sanchez submitted claim forms covering the period between November 29, 2018 to May 15, 2019, and April 14, 2022 to January 4, 2023, resulting in unemployment benefits for 265 days.

23.    By submitting each claim form, Sanchez certified: "I have read Booklet UB-10 and understand it. I know that disqualifications and criminal penalties may be imposed on me for false or fraudulent statements or claims or for withholding information to get benefits. The information given on this form is true, correct, and complete."

24.    By signing and certifying each claim form, Sanchez acknowledged that he understood and agreed to the requirements in booklet UB-10.

25.     By submitting each claim form, Sanchez denied receiving wages from anywhere else on days for which he sought unemployment wages.

26.    Based on Sanchez's representations in his applications and claim forms, the RRB granted his application and electronically transferred unemployment compensation benefits into Sanchez's account at Bank of America.

### SANCHEZ WORKS FOR SUCCESSFUL AGING CARE NET INC. WHILE HE SUBMITS CLAIMS FOR, AND COLLECTS, UNEMPLOYMENT BENEFITS

27. While Sanchez was collecting unemployment benefits from the RRB, he was working as a caregiver and collecting regular wages from Successful Aging.

28. Specifically, Sanchez worked for Successful Aging beginning on November 29, 2018, through at least June 2024.

29. Documents from Successful Aging, as well as Sanchez's admission during an interview with an RRB agent, confirms that Sanchez was working at Successful Aging on the same days that he (1) represented to the RRB that he was not working for any employer; and (2) collected unemployment benefits from the RRB.

30. Sanchez was aware that he was employed by Successful Aging when he submitted all 31 claims for unemployment benefits to RRB.

31. The RRB Office of Inspector General, Office of Investigations (OIG) initiated an investigation of Sanchez on or around May 1, 2024, based upon a referral from the RRB's Sickness and Unemployment Benefits Division (SUBD). SUBD developed the referral after information was provided by Pennsylvania state wage match, which showed that Sanchez had received wages while receiving RRB Unemployment Insurance Benefits. The matter was later referred to the Department of Justice for civil prosecution.

32. In total, Sanchez collected $22,316.44 in RRB Unemployment Insurance benefits and was subject to a $1,858 fraud disqualification administrative penalty, for a total recoverable amount of $24,174.44 to the government.

## COUNT I
### Violation of the False Claims Act:
### Presentation of False Claims
### (31 U.S.C. § 3729(a)(1)(A))

33.    The United States incorporates by reference the foregoing paragraphs as though fully set forth herein.

34.    This is a claim against Reinaldo L. Sanchez for treble damages and penalties under the False Claims Act, 31 U.S.C. § 3729(a)(1)(A), as amended, for knowingly presenting or causing to be presented false or fraudulent claims to the United States.

35.    The False Claims Act defines "knowingly" as meaning that a defendant "(1) has actual knowledge of the information; (2) acts in deliberate ignorance of the truth or falsity of the information; or (3) acts in reckless disregard of the truth or falsity of the information." 31 U.S.C. § 3729(b).

36.    By virtue of the acts described above, Sanchez presented or caused to be presented claims for payment to the United States knowing that such claims were false, fictitious, or fraudulent, or with reckless disregard for or in deliberate ignorance of the truth or falsity of the claims.

37.    The United States paid these false or fraudulent claims because of Sanchez's acts.

## COUNT II
### Violation of the False Claims Act:
### Making or Using a False Record or Statement
### (31 U.S.C. § 3729(a)(1)(B))

38.    The United States incorporates by reference the foregoing paragraphs as though fully set forth herein.

8

39.     This is a claim against defendant Reinaldo L. Sanchez for treble damages and penalties under the False Claims Act, 31 U.S.C. § 3729(a)(1)(B), as amended, for knowingly making, using, or causing to be made or used, false records or statements material to false or fraudulent claims.

40.     In his submissions to the RRB seeking unemployment benefits, Sanchez knowingly made, used, or caused to be made or used, false records or statements material to false or fraudulent claims to the United States.

## COUNT III
### Common Law Fraud

41.     The United States incorporates by reference the foregoing paragraphs as though fully set forth herein.

42.     This is a claim for the recovery of monies paid to defendant Reinaldo L. Sanchez for common law fraud.

43.     From December 6, 2018, to January 4, 2023, Sanchez made false representations, false statements, and false claims for unemployment benefits to the RRB, leading the United States to believe those false representations, statements, and claims for payment, falsely representing that he was not employed when in fact he was employed.

44.     Sanchez knew or should have known that the representations, statements, and claims for payment were false and fraudulent.

45.     The United States relied on Sanchez's materially false representations.

## COUNT IV
### Common Law Payment by Mistake of Fact

46.     The United States incorporates by reference the foregoing paragraphs

as though fully set forth herein.

47.     This is a claim for the recovery of monies paid to defendant Reinaldo L. Sanchez by mistake of fact.

48.     The United States paid the claims that Sanchez submitted, or caused to be submitted, under the erroneous belief that the claims were proper, and that Sanchez was not collecting regular wages on days that he requested unemployment benefits.

49.     This erroneous belief was material to the payments that the United States made to Sanchez.

50.     Because of these mistakes of fact, Sanchez received monies to which he was not entitled.

51.     By reason of the payments described above, the United States is entitled to damages.

## COUNT V
### Unjust Enrichment

52.     The United States incorporates by reference the foregoing paragraphs as though fully set forth herein.

53.     This is a claim for the recovery of monies that defendant Reinaldo L. Sanchez obtained through unjust enrichment.

54.     Sanchez's conduct described above unjustly enriched him with federal monies that in good conscience he should not be allowed to retain.

55.     Sanchez has been unjustly enriched to the detriment of the United States.

56.    By reason of the payments described above, the United States is entitled to damages.

## CLAIM FOR RELIEF

WHEREFORE, the United States of America demands judgment against defendant Reinaldo L. Sanchez as follows:

   a.  On Count I (False Claims Act: Presentation of False Claims), judgment against defendant Reinaldo L. Sanchez for treble the damages sustained by the United States, plus civil penalties assessed against Sanchez of between $14,308.00 and $28,619.00, as adjusted by the Federal Civil Penalties Inflation Adjustment Act of 1990 (28 U.S.C. § 2461), per false claim as mandated by law, and post-judgment interest, costs, and other proper relief;

   b.  On Count II (False Claims Act: Making or Using a False Record or Statement), judgment against defendant Reinaldo L. Sanchez for treble the damages sustained by the United States, plus civil penalties assessed against Sanchez of between $14,308.00 and $28,619.00, as adjusted by the Federal Civil Penalties Inflation Adjustment Act of 1990 (28 U.S.C. § 2461), per false claim as mandated by law, and post-judgment interest, costs, and other proper relief;

   c.  On Count III (Common Law Fraud), judgment against defendant Reinaldo L. Sanchez for the damages sustained by the United States to be determined at trial, punitive damages, post-judgment interest,

11

costs, and other proper relief;

d.  On Count IV (Payment by Mistake of Fact), judgment against

defendant Reinaldo L. Sanchez for the damages sustained by the

United States to be determined at trial, plus post-judgment interest,

costs, and other proper relief;

e.  On Count V (Unjust Enrichment), judgment against defendant

Reinaldo L. Sanchez for the damages sustained by the United States

to be determined at trial, plus pre-judgment and post-judgment

interest, costs, and other proper relief; and

f.  Awarding such other and further relief as the Court deems just and

equitable.

> Respectfully submitted,
>
> DAVID METCALF
> United States Attorney
>
> */s/Charlene Keller Fullmer for*
> GREGORY B. DAVID
> Chief, Civil Division
> Assistant United States Attorney
>
> */s/Stacey L. B. Smith*
> STACEY L. B. SMITH
> Assistant United States Attorney
> 615 Chestnut Street, Suite 650
> Philadelphia, PA 19106
> Tel: (215) 861-8348
> Email: Stacey.Smith@usdoj.gov

Dated: July 16, 2026